10-2824-ag
Bacuku v. Holder

BIA
Abrams, IJ
A098 273 744

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand eleven.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

———————————————————————————————

KASTRIOT BACUKU
        *Petitioner,*

    v.                                10-2824-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

———————————————————————————————

FOR PETITIONER:      Saul C. Brown, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Melissa K. Lott, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part and DENIED in part.

Kastriot Bacuku, a citizen of Albania, seeks review of a June 21, 2010, order of the BIA affirming the June 19, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kastriot Bacuku*, No. A098 273 744 (B.I.A. June 21, 2010), *aff'g* No. A098 273 744 (Immig. Ct. N.Y. City June 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). However, we will vacate and remand for new findings if "the agency's reasoning or its fact-finding process was sufficiently

2

flawed." *Id.; see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005).

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1)(i). The agency must provide a reasoned basis for finding that changed country conditions rebut the presumption. *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007).

Given that Bacuku alleged that he suffered past persecution by the Communist Party and the Socialist Party because of his support for the Democratic Party, the agency did not err in determining that the election of the Democratic Party to power in Albania in 2005 constituted a fundamental change in circumstances rebutting Bacuku's fear of future persecution on account of a protected ground based on his past persecution. *See* 8 C.F.R. § 1208.13(b)(1); *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir. 2006).

In addition, to the extent that Bacuku claimed a well-founded fear of future persecution separate from his claim

3

of past persecution, the agency did not err in determining that Bacuku failed to establish a well-founded fear of future persecution based on his testimony that he may associate with the Christian Democratic Party if returned to Albania and evidence that his brother had been attacked because of his support for the Christian Democratic Party. Bacuku conceded that he was not a member of the Christian Democratic Party, he did not have information that anyone, other than his brother, had been harmed due to membership in that party, he did not know of any candidate for the Christian Democratic Party who had faced any problems, and he had not been politically active in the United States. Additionally, Bacuku did not provide any background materials indicating that members of the Christian Democratic Party have been targeted or suffered harm. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best.").

However, the BIA abused its discretion by denying humanitarian asylum without addressing all of the past persecution Bacuku suffered. Bacuku claimed that he and his

4

family suffered harm under the former Communist government, he was arrested and tortured by the secret police under the rule of the Socialist Party on three separate occasions between 1997 and 2003, and he continued to suffer leg, hip, back, and head injuries as well as post traumatic stress disorder and major depression as a result of his persecution.  The only stated justification for the agency's denial of humanitarian asylum was that Bacuku had remained in Albania and actively participated politically long after the fall of the Communist government in 1991.  Given that the agency presumed credibility and assumed, *arguendo*, that Bacuku had suffered past persecution, it erred by addressing only the harm suffered by Bacuku under the Communist regime in denying humanitarian asylum, relying on Bacuku's continued residence in Albania after the fall of the Communist Party and his active political participation, and failing to address whether the arrests and torture Bacuku suffered due to that political participation, when coupled with the previous harm he suffered, rose to a level of severity warranting humanitarian asylum and whether he demonstrated that he had long lasting physical and mental effects of his persecution.  *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A); *Kone v. Holder*, 596 F.3d 141, 152

5

(2d Cir. 2010) (providing that humanitarian asylum may be granted to applicants who suffered an atrocious form of persecution and established long-lasting effects of the harm, or who may suffer "other serious harm upon their return" that is not related to a protected ground); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (finding that the BIA abuses its discretion if it fails to consider the record as a whole and fails to address all factors relevant to petitioner's claim).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and REMANDED to the agency for further proceedings consistent with this opinion.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>